UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERROD BAILEY,

        Plaintiff,

-v-

SUPERINTENDENT GRIFFIN, Southport
Correctional Facility, MR. MORALES,
CAPTAIN SENORA, DEPUTY SHEAHAN,
Acting Supervisor, SKULLY, Correctional
Officer, ONESA, Correctional Officer,
E. WHITE, Grievance Supervisor, E. MYERS,
R. GRISBE, R. HARVEY and C.O. ROBYCKI,

        Defendants.

**DECISION and ORDER**
12-CV-1196S



## INTRODUCTION

Plaintiff, Jerrod Bailey, proceeding *pro se,* filed a complaint seeking relief under 42 U.S.C. § 1983. By Order dated February 7, 2013, plaintiff was directed to file an amended complaint because the initial complaint was subject to dismissal for failure to state a claim (Docket No. 8). Plaintiff has now filed an amended complaint (Docket No. 9) which the Court reviews with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria. In addition, plaintiff has filed a motion for appointment of counsel (Docket No. 11), and miscellaneous other motions (Docket Nos. 12-15).

Plaintiff's amended complaint alleges that he was assaulted by defendants in December 2010 and July 2011. He seeks to hold defendants responsible for injuries he suffered.

For the reasons discussed below, claims against defendants Meyers, Grisbe, and Harvey for the December 2010 incident may proceed at this time. Plaintiff's claims for the

July 2011 incident may go forward against only defendant Robycki at this time. These claims may proceed against defendants in their individual capacities only. All claims against defendants in their official capacities are dismissed. Claims against the remaining defendants Griffin, Morales, Senora, Sheahan, Skully, Onesa and White are dismissed without prejudice and these defendants are dismissed from this action. Each of Plaintiff's motions (Docket Nos. 11-15) is denied.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); see also Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007).

**NATURE OF CLAIM AND PARTIES**

Plaintiff filed a complaint alleging he was assaulted by defendants in December 2010, July 2011 and March 2012 at Southport Correctional Facility. Plaintiff was directed to file an amended complaint regarding each of these incidents because he had failed to provide sufficient allegations for the claims to proceed.

Plaintiff's amended complaint provides no allegations at all regarding an alleged assault that took place in March 2012 and this claim may not proceed. Plaintiff has provided allegations regarding incidents taking place in December 2010 and July 2011.

Plaintiff's amended complaint is not well written and difficult to understand. In addition, he lists certain defendants in the caption of the case, and then additional defendants under his claims for relief. Taking plaintiff's pro se status into account, the

2

Court interprets plaintiff's allegations to the best of its ability. "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (internal quotation marks and citations omitted).

The amended complaint states that in December 2010, defendants Meyers, Grisbe, and Harvey assaulted him when he left the shower area. Plaintiff further alleges that in July 2011, defendant Robycki assaulted him.

Plaintiff's amended complaint does not appear to contain allegations regarding the remaining defendants he has listed in the caption, namely Griffin, Morales, Senora, Sheahan, Skully, Onesa, and White. Plaintiff does reference additional officers in his allegations but does not provide their names or indicates he does not know their names. For example, in reference to the December 2010 incident, plaintiff states that the "Sgt. at the time" was involved in events but provides no additional information. In reference to the July 2011 incident, plaintiff states that the defendant "[e]ntered the cell while I was unhandcuffed and also me with two officers then seven/5 came in after Sgt. was there witnessing the event." The Court cannot determine if plaintiff is referencing additional named defendants or other parties not named in his amended complaint.

Plaintiff was advised by the Court in its Order dated February 7, 2013, that he must show how each named defendant was personally involved in the constitutional violation or they would be dismissed from this action. *See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). Plaintiff has not alleged that defendants Griffin, Morales, Senora, Sheahan, Skully,

3

Onesa, or White were personally involved in either the December 2010 or the July 2011 incidents.

The Court determines that, based on information the plaintiff has provided, his claims regarding the December 2010 incident may go forward against only defendants Meyers, Grisbe, and Harvey at this time. Further, plaintiff's claims for the July 2011 incident may go forward against only defendant Robycki at this time.

Claims against the remaining defendants Griffin, Morales, Senora, Sheahan, Skully, Onesa, and White are dismissed without prejudice from this action.

Plaintiff is advised that the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251, 109 S.Ct. 573, 582 (1989). Plaintiff will need to identify any additional defendants that were personally involved in the alleged assaults and move to amend the caption to add them to this action within that time period.

## ELEVENTH AMENDMENT IMMUNITY

Plaintiff states that he is bringing claims against the defendants in both their individual and official capacities. For the reasons that follow, plaintiff may bring individual capacity claims against defendants Meyers, Grisbe, Harvey, and Robycki as described above, but all official capacity claims are dismissed.

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900, 906-908(1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that

statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-67, 109 S.Ct. 2304, 2309-2310 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Plaintiff may therefore sue the defendants in their official capacities only if they consent to be sued, *Pennhurst*, 465 U.S. at 99-101, 104 S.Ct. at 907-909, and in New York the state has not consented, *see, e.g.*, *Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001). Therefore, the Eleventh Amendment bars plaintiff's official capacity claims against defendants, which are dismissed with prejudice.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a motion for appointment of counsel (Docket No. 11). There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**MOTIONS FOR MISCELLANEOUS RELIEF**

Plaintiff has filed four additional motions: motion to vacate judgment; motion to set aside judgment; motion to produce; and motion for DNA toxicology (Docket Nos. 12-15). All four of these motions appear to have been filed in error with this Court, and are denied

with prejudice. None of these motions contain a caption indicating the plaintiff intended to file them with this Court and they do not appear to pertain to this action.[1]

## CONCLUSION

For the reasons set forth above, claims against defendants Meyers, Grisbe, and Harvey for the December 2010 incident may proceed at this time. Plaintiff's claims for the July 2011 incident may go forward against only defendant Robycki at this time. These claims may proceed against defendants in their individual capacities only. All claims against defendants in their official capacities are dismissed. Claims against the remaining defendants Griffin, Morales, Senora, Sheahan, Skully, Onesa, and White are dismissed without prejudice and these defendants are dismissed from this action. Plaintiff's motions (Docket Nos. 11-15) are denied.

## ORDER

IT HEREBY IS ORDERED, that claims against defendants Meyers, Grisbe, and Harvey for the December 2010 incident may proceed against them in their individual capacities and official capacity claims are dismissed with prejudice;

FURTHER, that claims against defendant Robycki for the July 2011 incident may proceed against him in his individual capacity and official capacity claims are dismissed with prejudice;

FURTHER, that claims against defendants Griffin, Morales, Senora, Sheahan, Skully, Onesa, and White are dismissed without prejudice and they are dismissed from this action;

---

[1] Motion to vacate judgment (Docket No.12) has a caption for the New York Court of Appeals; motion to set aside judgment (Docket No. 13) has a caption for the Kings County Court; motion to produce (Docket No. 14) has a caption for Kings County Court; and motion for DNA toxicology (Docket No. 15) has a caption for the Second Circuit Court of Appeals.

FURTHER, that plaintiff's motion for appointment of counsel is denied without prejudice (Docket No. 11);

FURTHER, that plaintiff's motions to vacate judgment, set aside judgment, produce, and for DNA toxicology are denied with prejudice (Docket Nos. 12-15);

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon defendants Meyers, Grisbey, Harvey, and Robycki without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint;[2] and

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

SO ORDERED.

Dated: July 12, 2013
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[2] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.